# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORI L. VOGT,<br>    Plaintiff,<br>v.<br><br>THE BOARD OF COUNTY<br>COMMISSIONERS OF McINTOSH<br>COUNTY, OKLAHOMA,<br><br>LISA RODEBUSH, McIntosh County<br>Court Clerk, in her individual capacity,<br>    Defendant. | )<br>)<br>)<br>)<br>)  No.  21-CV-104-RAW<br>)<br>)  First Amendment Claim Arising in<br>)  McIntosh County<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>) |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

### PARTIES

1.  The Plaintiff is Lori L. Vogt, an adult resident of McIntosh County, Oklahoma.

2.  The Defendant is McIntosh County, a governmental subdivision which is sued in the name of the Board of County Commissioners of McIntosh County as required by 19 O.S. § 4.

### JURISDICTION AND VENUE

3.  This is a cause of action for injury to Plaintiff's First Amendment right by a government official of McIntosh County, Oklahoma, which is made actionable by 42 U.S.C. § 1983.  Jurisdiction is vested over such action

-1-

pursuant 28 U.S.C. §§ 1331, 1343(a)(3). Jurisdiction over the parallel state law claim is granted by 28 U.S.C. § 1367.

4. All of the actions complained of occurred in McIntosh County, Oklahoma, and the Defendant may be served in that county. McIntosh County is within the Eastern District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Lori L. Vogt had worked for the office of the County Court Clerk of McIntosh County since approximately May, 2007.

6. Lisa Rodebush is the elected County Court Clerk and was running for re-election in the primary election conducted June, 2020.

7. Ms. Rodebush came to the Claimant on or about February 5, 2020 and asked if Ms. Vogt was going to run for the office County Court Clerk against her. Ms. Vogt told Ms. Rodebush that she was not going to run. Ms. Rodebush asked the Claimant to support her re-election and Ms. Vogt indicated that she would do that.

8. On or about April 10, 2020, Ms. Vogt's best friend advised Ms. Vogt that she was going to seek the County Court Clerk's office. Ms. Vogt advised Ms. Rodebush on or about April 10, 2020, that due to her personal relation with the other candidate, that she could not openly support Ms. Rodebush.

9. Ms. Vogt declined to appear in a photograph of the court clerk staff

wearing Rodebush re-election tee-shirts. Ms. Vogt declined to ride with Ms. Rodebush in the Old Settler's Day parade. As the election drew near, Ms. Rodebush became concerned about her re-election. Ms. Rodebush told various people that if she did not win the election, she would lose her income, her retirement and her insurance and she would have no job to return to.

10. On or about June 10, 2020, Ms. Rodebush confronted Ms. Vogt and stated 'Apparently, I [Ms. Vogt] had forgotten what support was" because Ms. Vogt was not actively and openly working for her re-election. Thereafter, Ms. Rodebush pointedly ignored Ms. Vogt in the office and would speak to other clerks near her, but would not speak to Ms. Vogt.

11. After the election, which Ms. Rodebush won, on July 10, Rodebush came to Ms. Vogt and terminated her with no reason given. There had been no issue with job performance and Ms. Vogt's job did not involve personal loyalty to the elected clerk.

12. Ms. Rodebush's action in terminating Ms. Vogt was a violation of Ms. Vogt's First Amendment right and Ms. Vogt's right under the Oklahoma Constitution to support or not support candidates of her choice and to speak or not speak on behalf of any candidates.

13. Ms. Rodebush is the official policymaker and decisionmaker regarding the hiring and firing of employees within her office and, as such, Ms.

Rodebush's actions are the actions of McIntosh County, Oklahoma.

14. As the direct result of Ms. Rodebush's action taken through her office and title as County Court Clerk, Ms. Vogt has suffered lost earnings past, present, and future and dignitary harms including emotional distress.

15. There is no requirement for exhaustion of administrative remedies under the federal civil rights statute, however, Ms. Vogt timely filed a notice of tort claim for this event which was served on McIntosh County on or about August 7, 2020.

16. Such tort claim was deemed denied by inaction of McIntosh County Defendant ninety (90) days after such service.

17. This action for violation of Ms. Vogt's rights of free speech under the Oklahoma Constitution, art 22, § 2 is timely brought within one hundred and eighty (180) days of the date of such deemed denial.

18. Under her claim made pursuant to 42 U.S.C. § 1983 for violation of her First Amendment rights, Ms. Vogt is entitled to and seeks recovery for the loss of her earnings, her emotional distress and dignitary harms, recovery of which is sought against both McIntosh County, as a governmental entity, and Ms. Rodebush, individually.

19. Because the actions of Ms. Rodebush were in willful or reckless disregard of Ms. Vogt's federal rights, Ms. Vogt seeks an award of punitive damages against Ms. Rodebush in her individual capacity only. No punitive damages

are sought against McIntosh County, the governmental entity.

20. For the violation of Ms. Vogt's rights under Oklahoma's constitution, Ms. Vogt seeks recovery of her loss for her earnings, her emotional distress, and dignitary harms. Such recovery is sought only against McIntosh County as a governmental entity and no recovery for this claim is sought against Ms. Vogt individually. Plaintiff does not seek any double recovery for these damages.

**WHEREFORE**, the Plaintiff prays that she be awarded her actual damages against both Defendants, punitive damages against Ms. Rodebush individually, and her costs, interest, attorneys fees and such other appropriate remedies as allowed in law or equity.

**RESPECTFULLY SUBMITTED**, this 5th day of April 2021.

s/ Mark Hammons
Hammons, Hurst & Assoc.
Mark Hammons, OBA No. 3784
325 Dean A. McGee
Oklahoma City, OK 73102
Ph:   (405) 235-6100
Fax:  (405) 235-6111
email: kenzie@hammonslaw.com
ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED