IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

LUKE HOMEN,
as Chapter 7 Trustee *In re: Vogt*,
Case No. 23-80945, Eastern District Oklahoma,

             Plaintiff,

v.                                                          Case No. 21-104-JWB

THE BOARD OF COUNTY COMMISSIONERS OF
MCINTOSH COUNTY, OKLAHOMA,

LISA RODEBUSH, McIntosh County Court Clerk, in
her individual capacity,

             Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on briefing from the parties about the collateral source doctrine. (Docs. 124, 125.) Specifically, the court requested that the parties inform the court on whether the collateral source doctrine operates to bar evidence of unemployment benefits coming before the jury at trial in a federal question case. The court finds that evidence of unemployment benefits should be excluded at trial for the reasons articulated below.

In the ADEA context, the Tenth Circuit has held that "unemployment compensation is purely a collateral source and is peculiarly the property of the claimant. It would be unfair to give [the defendant] the benefit of it in these circumstances." *Equal Emp. Opportunity Comm'n v. Sandia Corp.*, 639 F.2d 600, 625 (10th Cir. 1980). This principle has been applied to exclude evidence of an application for unemployment in a First Amendment case pursuant to 42 U.S.C. § 1983. *See Starrett v. Wadley*, 876 F.2d 808, 812–13, 823 (10th Cir. 1989) ("Plaintiff had made a motion in limine to exclude any reference to the receipt of unemployment compensation under

the collateral source rule.")[1]  Relying on *Sandia*, the United States District Court for the District

of Colorado more recently excluded evidence of unemployment benefits in a claim for lost wages

under another federal statute, explaining:

> [C]ourts within the Tenth Circuit and the District of Colorado do not reduce back pay by the amount of unemployment insurance benefits received.  The Tenth Circuit has reasoned that "unemployment compensation is purely a collateral source and is peculiarly the property of the claimant. It would be unfair to give [the party that wrongfully terminated an employee] the benefit of it in these circumstances."  *Sandia Corp.*, 639 F.2d at 625.  It further explained that the "deduction or offsetting of employment benefits may well result in a windfall to the employer." *Id.* at 626.
>
> Thus, "[t]his Court follows the rule that [a wrongfully terminated party's] unemployment benefits should not be deducted from any back pay award." *Cooper v. Cobe Labs., Inc.*, 743 F. Supp. 1422, 1435 (D. Colo. 1990); *see also Clawson v. Mountain Coal Co.*, 2007 WL 201253, at *12 (D. Colo. Jan. 24, 2007) ("[T]he more well-accepted trend in this Circuit is to decline to offset a damage award with unemployment benefits."); *Pickering v. USX Corp.*, 1995 WL 584372, at *44 (D. Utah May 8, 1995) ("either as a matter of law or a matter of discretion, unemployment compensation benefits are almost never offset against back pay awards"); *Toledo v. Nobel-Sysco, Inc.*, 892 F.2d 1481, 1493 (10th Cir. 1989) ("the amount of unemployment compensation [the plaintiff] received is not essential to ascertaining backpay because it is within the district court's discretion whether to discount a backpay award by the amount of unemployment compensation").

*Fresquez v. BNSF Ry. Co.*, 421 F. Supp. 3d 1099, 1114 (D. Colo. 2019), *aff'd*, 52 F.4th 1280 (10th

Cir. 2022) (alterations in original).

The court therefore finds that the collateral source doctrine applies to the facts of this case,

and that evidence of unemployment benefits will be excluded from evidence at trial.

IT IS SO ORDERED.

Dated: July 18, 2024                          /s/ John W. Broomes
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE

---

[1] And while there was a state-law wrongful termination claim, the district court instructed the jury that the case hinged on the federal claims because Plaintiff could be terminated for any reason that did not violate her state or constitutional rights.  *Starrett*, 876 F.2d at 813 n.5.